**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| John J. Serdar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **10 0611** |
| v. | ) | Civil Action No. |
| | ) | |
| Sargent Industries Airight Div., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis,* and dismiss the complaint for lack of subject matter jurisdiction.

Unlike state courts of general jurisdiction, federal district courts have limited jurisdiction. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Here, however, the complaint appears to arise from an industrial accident resulting in personal injury, which does not appear to implicate the Constitution, laws or treaties of the United States.

A federal district court also has jurisdiction over civil actions in matters where the controversy exceeds $75,000 and where there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Here, the plaintiff states no demand for damages and it appears that both the plaintiff and the defendant are citizens of the state of California. Therefore, both the threshold amount in controversy and complete diversity of citizenship among the parties are lacking.

Accordingly, the Court will dismiss the complaint, without prejudice, for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: April 13, 2010

United States District Judge